UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAUSTEVEION JOHNSON, | Case No. 2:21-cv-01925-GMN-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| D. KELLY, *et al.*, | |
| Defendants. | |

This action began with Plaintiff's application to proceed *in forma pauperis* and his pro se civil rights Complaint under 42 U.S.C. § 1983. ECF Nos. 1-1, 4. Based on the financial information provided, the Court finds that Plaintiff is unable to prepay the filing fee in this matter and his application to proceed *in forma pauperis* is granted below.

On April 26, 2022, the Court imposed a stay and entered a subsequent order in which the parties were assigned to mediation. ECF Nos. 7, 9. On July 25, 2022, the Office of the Attorney General filed a status report stating a settlement was not reached and informing the Court of its intent to proceed with this action. ECF No. 11.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) is GRANTED. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.

2. Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections will forward payments from the account of **Lausteveion Johnson, #82138**, to the Clerk of the United States District Court, District of Nevada, at a rate of 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.

3. The Clerk of the Court must send a copy of this Order to the Finance Division of the Clerk's Office. The Clerk of the Court must also send a copy of this Order to the attention of

the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

4.   The Clerk of the Court will electronically serve a copy of this Order, the Screening Order (ECF No. 7), and a copy of Plaintiff's Complaint (ECF No. 6) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet.  This does not indicate acceptance of service.

5.   Subject to the findings of the Screening Order (ECF No. 7), within **twenty-one (21) days** of the date of entry of this Order, the Attorney General's Office must file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal.  As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Attorney General's Office must file, under seal, but not serve the Plaintiff, the last known address(es) of those defendant(s) for whom it has such information.  If the last known address of the defendant(s) is a post office box, the Attorney General's Office must attempt to obtain and provide the last known physical address(es).

6.   If service cannot be accepted for any of the named defendant(s), Plaintiff must file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s).  For the defendant(s) the Attorney General's Office cannot provide last-known-address information, Plaintiff must provide the full name and address, if known, for the defendant(s).

7.   If the Attorney General's Office accepts service of process for any named defendant(s), such defendant(s) must file and serve an answer or other response to the Complaint no later than sixty (60) days after the date of this Order.

8.   Service must be perfected within 90 days of the date of this Order under Rule 4(m) of the Federal Rules of Civil Procedure.

9.   Plaintiff must serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for

consideration by the Court. Plaintiff must include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed or electronically filed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff must direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated on the notice. The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service.

10. This case is no longer stayed.

DATED THIS 11th day of August, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

3